IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID EUGENE PARKER, GDC No. 628747, Plaintiff, | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:12-CV-535-TWT-ECS |
| PAUL L. HOWARD et al., Defendants. | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review

of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 27th day of February, 2012.

                                            _____
                                            E. CLAYTON SCOFIELD III
                                            UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID EUGENE PARKER, GDC No. 628747, Petitioner, | : : : : | HABEAS CORPUS 28 U.S.C. § 2254 |
| v. | : : | CIVIL ACTION NO. 1:12-CV-535-TWT-ECS |
| PAUL L. HOWARD et al., Respondent. | : : | |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Proceeding pro se, Georgia state prisoner David Eugene Parker filed a complaint and a motion for permission to proceed in forma pauperis. [Doc Nos. 1, 2]. Parker's motion for permission to proceed IFP is **GRANTED**. For the following reasons, however, the undersigned recommends that Parker's complaint – construed as a petition for habeas corpus – be dismissed without prejudice.

In May 2011, Parker pled guilty to aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and cruelty to children. [See Doc. No. 1 at 1 & 66-71]. A Georgia judge denied Parker's motion to withdraw that guilty plea in August 2011, and he was sentenced as a recidivist. [Id. at 70-71]. Parker's 72-page complaint in this case loosely alleges that various defendants unlawfully conspired to deprive him of his civil rights and conducted a "void" criminal proceeding.

Parker now seeks from this Court (1) a declaration that he is "entitled to his physical release and discharge" and (2) an injunction ordering the defendants "to immediately release and discharge" him. [Id. at 53, 60]. Parker makes no claim for damages.

The United States Supreme Court has "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriquez, 411 U.S. 475, 488-90 (1973)). Because Parker is seeking immediate or speedier release, the Clerk is **DIRECTED** to recategorize this action as one arising under 28 U.S.C. § 2254 rather than 42 U.S.C. § 1983.

Exhaustion of state remedies is a prerequisite to seeking federal habeas relief. See Heck, 512 U.S. at 480-81 (citing 28 U.S.C. § 2254(b) and Rose v. Lundy, 455 U.S. 509 (1982)). Parker's complaint nowhere alleges that he has exhausted his state remedies, including through state habeas proceedings; indeed, Parker's complaint indicates that he did not even directly appeal his convictions in state court. [Doc. No. 1 at 1]. Because it plainly appears from Parker's petition and attached exhibits that he is not entitled to federal habeas

relief at this stage, this case is subject to dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A § 2254 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2254 applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (internal quotation marks omitted)). Parker has not demonstrated that he is entitled to federal habeas relief, that dismissal without prejudice in light of his failure to exhaust available state remedies is incorrect, or that both issues are reasonably debatable.

The undersigned **RECOMMENDS** that Parker's petition be **DISMISSED WITHOUT PREJUDICE** so that he may exhaust all available state remedies. The undersigned further **RECOMMENDS** that no certificate of appealability be issued in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 27th day of February, 2012.

E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)